USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
YAHOO! INC.,

                    Petitioner and
                    Cross-Respondent,              13 CV 7237

     - against -                                               ORDER

MICROSOFT CORPORATION,

                    Respondent and
                    Cross-Petitioner.
-----------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

Yahoo's application for a stay is DENIED. Yahoo argues in its letter motion, received on October 23, 2013, that "a relatively brief stay to avoid irreparable harm in the interim [pending an expedited appeal] would be appropriate." (Yahoo's Letter re Yahoo Inc. v. Microsoft Corporation, 13 CIV 7237 ("Yahoo Letter").) Courts consider four factors in determining whether to grant a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 434 (2009) (internal citations omitted). A stay "is not a matter of right," see id. at 433, and where a stay of an opinion would "effectively nullify the relief it granted," a stay is not warranted." See Northwestern Nat'l Inx. Co. v. Insco, Ltd., 866 F.Supp.2d 214, 233 (S.D.N.Y. 2011) (declining to order a stay where it would nullify the relief granted). Further, "the decision to grant a stay always involves an exercise of judicial discretion" and "is dependent upon the circumstances of the particular case." Nken 556 U.S. at 433.

1

Here, the stay Yahoo has requested would entirely deny Microsoft the emergency relief, which was granted to Microsoft by the Emergency Arbitrator, and which was confirmed by this Court on October 21, 2013. (See Op. and Order ("Op. & Order"), 13 CV 7237, ECF No. 26; see also Microsoft's Letter re Yahoo Inc. v. Microsoft Corporation, 13 CIV 7237 ("Microsoft Letter").) Additionally, this Court has already found that Yahoo did not establish that the Emergency Arbitrator exceeded his authority, (see Op. & Order at 7-11, 14), and, in its most recent letter, Yahoo does not raise any additional reasons for the Court to question its decision. For these reasons, and because courts must review arbitral awards with an extremely deferential standard, see ReliaStar Life Ins. Co. v. EMC Nat. Life Co., 564 F.3d 81, 86 (2d Cir. 2009), Yahoo has not established a likelihood of success on appeal. See Nken, 556 U.S. at 434 (describing the first factor considered by courts in granting a stay).

Further, Microsoft previously established that it would suffer substantial and irreparable harm to its relations with advertisers if the migration experienced much delay, as the migration here required action by October 21, 2013. (See Op. & Order at 13-14.) As discussed in this Court's opinion, Microsoft established that "it is critical that the Ramp phase immediately follow the Demand phase . . . because advertiser information gets stale over time and because advertisers are inconvenienced from having to deal with two systems until transition is complete." (See Arbitrator's Award (Ex. A) at 8.) Microsoft also established that "a failure to transition promptly after having been told of the transition during the Demand phase will confuse and undermine the confidence of advertisers in Taiwan and Hong Kong." (Microsoft Letter at 4 (citing Arbitrator's Award (Ex. A) at 11).) This supports the conclusion that issuance of a stay would "substantially injure" Microsoft, the other party interested in the proceeding. See Nken, 556 U.S. at 434 (describing third factor considered by courts).

Because the Arbitrator concluded, and this Court affirmed, "that the injunction imposed hereby merely restore the parties to the activities they were ready to proceed with before [Yahoo's unilateral pause]" (see Op. & Order at 9-10), there is not an adequate showing that Yahoo will be irreparably injured absent a stay. Further, a stay "is not a matter of right, even if irreparable injury might otherwise result." See Niken, 556 U.S. at 433.

Finally, the fourth factor to be considered, "where the public interest lies," weighs in favor of Microsoft because there is a "national policy in favor of arbitration." Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). Contrary to this important policy, the stay Yahoo seeks would deprive Microsoft of the relief it obtained from the Arbitrator. The date now agreed to for the 10 % ramp in the Taiwan market is October 28, 2013 (see Microsoft Letter at n. 1), and a stay would delay the migration well beyond that date, until the Second Circuit could hear and decide an appeal of this Court's decision.

Because Yahoo has not shown an entitlement to a stay under any of the relevant factors, and because a stay would deny Microsoft the emergency relief it was granted, Yahoo's application is DENIED.

SO ORDERED.

Dated:  New York, New York
        October 23, 2013

_____
Robert P. Patterson, Jr.
United States District Judge

*Counsel for Petitioner and Cross-Respondent, Yahoo! Inc.:*
**Alexander C Drylewski**
Skadden, Arps, Slate, Meagher & Flom LLP (NYC)

Four Times Square
42nd floor
New York, NY 10036
(212) 735-3000
Fax: (917)-777-2129
Email: alexander.drylewski@skadden.com

**Patrick George Rideout**
Skadden, Arps, Slate, Meagher & Flom LLP (NYC)
Four Times Square
42nd floor
New York, NY 10036
(212)-735-2702
Fax: (917)-777-3702
Email: patrick.rideout@skadden.com

**Robert Alexander Fumerton**
Skadden, Arps, Slate,Meagher & Flom LLP(IIA)
Four Times Sq.,
New York, NY 10036
(212)-735-3902
Fax: (212)-777-3902
Email: robert.fumerton@skadden.com

*Counsel for Respondent and Cross-Petitioner, Microsoft Corp.:*

**Richard Scott Goldstein**
Orrick, Herrington & Sutcliffe LLP (NYC)
51 West 52nd Street
New York, NY 10019
212-506-5000
Fax: 212-506-5151
Email: rgoldstein@orrick.com